UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM M. BRYSON, JR.,<br><br>**Plaintiff,**<br><br>v.<br><br>SUSAN B. GERSON AND UNITED STATES DEPARTMENT OF JUSTICE,<br><br>**Defendants.** | 1:13-cv-879-LJO-MJS<br><br>**MEMORANDUM DECISION AND ORDER RE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. 17) AND PLAINTIFF'S MOTION TO STRIKE (Doc. 22)** |

## I. INTRODUCTION

Plaintiff William M. Bryson, Jr. ("Plaintiff"), a federal inmate, brings this suit under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 et seq., in which he requests various documents allegedly concerning his criminal case. *See* Doc. 1, Complaint ("Compl.") at ¶ 6. Defendants Susan B. Gerson and the United States Department of Justice ("DOJ") (collectively, "Defendants") move for summary judgment on the ground Plaintiff cannot bring this suit because he did not exhaust his administrative remedies before filing this suit in that he (1) failed to pay the required fees associated with his FOIA request and (2) failed to appeal administratively the decision of the Executive Office of the United State Attorneys ("EOUSA") denying his FOIA request for non-payment. Doc. 17-1 at 1.

The Court did not set a hearing for the motion and the parties did not request one. The Court finds it appropriate to rule on the motion without oral argument. *See* Local Rule 230(g). For the following reasons, the Court GRANTS Defendants' motion for summary judgment.

1

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

On January 6, 2012, EOUSA received a FOIA request from Plaintiff in which he requested "(A) the Transcripts of Karl Leon Kenyon's (1) Pre-sentencing Hearings And (2) His Sentencing Trial." Doc. 17-3, Declaration of David Luczynski ("Luczynski Decl."), Ex. A at 1. On February 24, 2012[2], EOUSA responded to Plaintiff and informed him that his request had been received and assigned a FOIA request number. Luczynski Decl., Ex. B at 1. EOUSA further informed Plaintiff that by making a FOIA request, Plaintiff had "agreed to pay fees up to $25, as stated in 28 CFR § 16.3(c), unless [he] requested a fee waiver." *Id.* EOUSA explained that

> pursuant to 28 CFR § 16.11, if you have not been granted a fee waiver, we are required to charge fees for time used to search for the documents you have requested and for duplication of all pages released to you. Normally, search time is charged at a rate of $28 per hour after the first two hours which are free, and duplication fees are $0.10 per page after the first 100 pages which are free.

*Id.*[3]

On May 24, 2012, EOUSA informed Plaintiff that 21 boxes of records pertaining to his request had been located and that an estimated 21 hours would be required to complete the search for the requested records. Luczynski Decl., Ex. C at 1. EOUSA further informed Plaintiff the fee for that search time would be $588.00. *Id.* EOUSA explained that under 28 C.F.R. § 16.11(i), Plaintiff's request would not be considered received until EOUSA received a response from him, and asked that Plaintiff respond within 30 days. *Id.*

On July 31, 2012, EOUSA informed Plaintiff that he had not responded to its May 24, 2012

---

[1] The Court has reviewed the entire record, but will only discuss the facts and arguments necessary to rule on Defendants' motion for summary judgment.

[2] Under 5 U.S.C. § 552(a)(6)(C), EOUSA was required to respond to Plaintiff's request within 10 days. Because they did not do so, Plaintiff was entitled to file suit immediately under the "constructive exhaustion" doctrine "to compel [EOUSA's] response to [his] FOIA request." *Oglesby v. U.S. Dep't of Army*, 920 F.3d 57, 62 (D.C. Cir. 1990). However, because EOUSA responded to Plaintiff's FOIA request prior to Plaintiff filing suit, Plaintiff was required to exhaust his administrative remedies. *Id.* at 64.

[3] 28 C.F.R. § 16.11(i) was amended in 2015. *See* Revision of Department's Freedom of Information Act Regulations, 80 F.R. 18099-01 (Apr. 3, 2015). The corresponding provisions are now contained in 28 C.F.R. § 16.10.

letter, and that his FOIA request had been closed because Plaintiff had not paid the $588.00 fee. Luczynski Decl., Ex. D at 1. EOUSA further informed Plaintiff that this was "the final action" on his request and that he may appeal the decision within 60 days, *id.*, but Plaintiff did not do so. Luczynski Decl. at ¶ 8.

Plaintiff brought this suit on June 10, 2013. Compl. at 1. Plaintiff brings one claim under FOIA in which he requests that the Court order Defendants to provide Plaintiff with the documents he requested from EOUSA in his FOIA request. *Id.* at 8.

Defendants move for summary judgment on the claim. Defendants maintain that they followed all applicable rules and procedures and EOUSA was entitled to deny and close Plaintiff's FOIA request for non-payment. Doc. 17-1 at 5.[4] Defendants argue that Plaintiff's failure to appeal that decision or pay the $588.00 means he failed to exhaust his administrative remedies and therefore was not permitted to bring this case. *Id.*

### III. DISCUSSION

To obtain records under FOIA, the requester must comply with the appropriate agency's published FOIA rules. 5 U.S.C. § 552(a)(3)(A). FOIA requests made to EOUSA are governed by 28 C.F.R. §§ 16.3 et seq. *See* 28 C.F.R. Pt. 16, App'x I (providing that EOUSA is a "component" of DOJ governed by 28 C.F.R. §§ 16 et seq.).

Under those rules, if anticipated costs associated with a FOIA request exceed $250.00, EOUSA "may require that the requester make an advance payment up to the amount of the entire anticipate fee before beginning to process the request." *Id.* § 16.10(i)(2). If EOUSA elects to require advanced payment, "the [FOIA] request shall not be considered received and further work will not be completed until the required payment is received." *Id.* § 16.10(i)(4). "If the requester does not pay the advance

---

[4] In response to Defendants' motion for summary judgment, Plaintiff essentially moved to strike the entirety of Defendants' motion and documents filed in support. Doc. 22. The Court DENIES Plaintiff's motion to strike. In addition, the Court need not discuss at length Plaintiff's numerous arguments made in opposition to Defendants' motion because they fail to address the dispositive issue in this case—whether Plaintiff complied with EOUSA's fee procedures for FOIA requests.

payment within 30 calendar days after the date of the component's fee determination, the [FOIA] request will be closed." *Id.*

Here, there is no dispute that (1) the estimated cost of Plaintiff's FOIA request was $588.00; (2) EOUSA informed Plaintiff of the estimate; (3) required advanced payment of the estimate pursuant to 28 CFR § 16.10(i); (4) informed Plaintiff that his request would be closed if he did not respond within 30 days; (5) Plaintiff did not respond to any of EOUSA's correspondence; (6) did not pay any part of the required fee; and (7) did not appeal the EOUSA's decision to close his FOIA request for non-payment. In other words, Plaintiff failed to comply with EOUSA's FOIA fee procedures set forth in 28 C.F.R. § 16.10.

"A party requesting agency records under the FOIA must comply with the procedures set forth in the regulations promulgated by th[e] agency." *Calhoun v. Dep't of Justice*, 693 F. Supp. 2d 89, 91 (D.D.C. 2010). Accordingly, "[w]here a FOIA request is not made in accordance with the [agency's] published regulations, the FOIA claim is subject to dismissal for failure to exhaust administrative remedies," *id.*, because "full and timely exhaustion of administrative remedies is a prerequisite to judicial review under FOIA." *Judicial Watch, Inc. v. U.S. Naval Observatory*, 160 F. Supp. 2d 111, 112 (D.D.C. 2001).

Plaintiff's failing to pay the fees associated with his FOIA request and failing to appeal EOUSA's closing the request for non-payment constitute a failure to exhaust his administrative remedies.[5] *See Tereshchuk v. Bureau of Prisons*, 851 F. Supp. 2d 157, 162 (D.D.C. 2012) (collecting cases). Accordingly, the Court GRANTS Defendants' motion for summary judgment because Plaintiff was not entitled to bring this suit before exhausting his administrative remedies.[6]

---

[5] Exceptions to this rule, such as a FOIA requester applying for a fee waiver or appealing from a denial of a fee waiver, are inapplicable here. *See Tereshchuk*, 851 F. Supp. 2d at 162.

[6] The Court acknowledges that even though FOIA exhaustion is not a jurisdictional requirement, courts consistently dismiss FOIA claims for failure to exhaust where, as here, the purposes of exhaustion and the applicable administrative scheme support construing exhaustion as a mandatory prerequisite to judicial review. *See, e.g.*, *Taylor v. Appleton*, 30 F.3d 1365,

### IV. CONCLUSION AND ORDER

For the foregoing reasons, the Court:

1. GRANTS Defendants' motion for summary judgment (Doc. 17) in Defendants' favor and against Plaintiff;

2. DENIES Plaintiff's motion to strike (Doc. 22); and

3. DIRECTS the Clerk of Court to CLOSE this case.

IT IS SO ORDERED.

Dated:  **September 29, 2015**          /s/ Lawrence J. O'Neill
                                       UNITED STATES DISTRICT JUDGE

---

1367 (11th Cir. 1994) (collecting cases); *Hidalgo v. F.B.I.*, 344 F.3d 1256, 1258-59 (D.C. Cir. 2003) (collecting cases).